## LIABILITY OF A CO-ADMINISTRATOR.

[Circuit Court of Hamilton County.]

FRANK J. DORGER v. J. O. WOODWARD, ADMINISTRATOR, ET AL.

Decided, August 3, 1904.

*Administrators—Indebtedness of one of Two Administrators to the Estate—Constitutes Assets in the Hands of Both—And Both are Principals Under Their Joint Bond.*

An indebtedness to the estate of a decedent from one of two administrators will be considered as having come into the joint possession of both, and as between themselves and the surety on their joint bond they are both principals.

SWING, J.; GIFFEN, J., and JELKE, J., concur.

H. J. Cordesman and Frank J. Dorger were appointed administrators of the estate of Maria F. Cordesman, and gave a joint bond with the American Bonding & Trust Company as surety. At the time of the appointment H. J. Cordesman was indebted to the estate in the sum of $2,000, evidenced by a note to M. F. Cordesman. It is claimed in this action that at the time of the giving of the bond said Cordesman was insolvent and has remained so up to the present time. Under the law as announced in the first proposition of the syllabus in the case of *McGaughey, Admr, etc.*, v. *Jacoby et al*, 54 O. S., 487, the amount owing by said Cordesman became assets in the hands of the administrator for which the surety on his bond is liable.

There being no question but what the amount due by said Cordesman is assets in his hands and for which the surety on the bond is liable the question here is whether in the first instance the joint administrator, Dorger, or the surety company is liable. Dorger had knowledge of this indebtedness at the time of the appointment and had the note in his possession.

An inventory was returned by said administrators to the probate court in which said note was mentioned but was not returned as assets in their hands.

Under these facts we think this asset must be considered as having come into their joint possession, and under the case of *Eckert* v. *Myers,* 45 O. S., 525, as between themselves and the surety are principals.

Some time afterwards said administrators gave separate bonds, but this in no way changed the liability of the parties which accrued while the first bond was in force.   Besides it seems to us that the bonds given separately were not substitutes for the first bond, but additional bonds.

Judgment was rendered in this case in the court of common pleas for the full amount due on this obligation.   As H. J. Cordesman was an heir of Maria F. Cordesman, and there being no debts of the estate and as such heir he would be entitled to a certain portion on distribution, it would seem unnecessary to pay into court the amount which would be immediately payable to him as heir on distribution.   The amount due him as heir should be a credit on the amount due from him as administrator.

The judgment should be modified to this extent.

*John C. Healy,* for plaintiff in error.

*Horstman & Horstman,* for defendant in error.